UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **PINNACLE BANK,** | ) |
|        **Plaintiff,** | ) ) ) |
|        v. | ) Civil Case No. 7:17CV395 ) |
| **BLUESTONE ENERGY SALES CORPORATION, A&G COAL CORPORATION, DYNAMIC ENERGY, INC., JUSTICE MANAGEMENT SERVICES, LLC, KENTUCKY FUEL CORPORATION, INC., NINE MILE MINING, INC., TAMS MANAGEMENT, INC., and the UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) |
|        **Defendants.** | |

## COMPLAINT FOR INTERPLEADER

COMES NOW Plaintiff Pinnacle Bank ("Pinnacle"), and for its claim for relief respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for interpleader brought pursuant to 28 U.S.C. §§ 1331, 1332, 1340, and 2410 and Federal Rule of Civil Procedure 22. Pinnacle currently holds funds in the amount of $1,403,607.47 that are the subject of this dispute (the "Disputed Funds").

2. The private defendants in this action, Bluestone Energy Sales Corporation ("Bluestone"), A&G Coal Corporation ("A&G Coal"), Dynamic Energy, Inc. ("Dynamic Energy"), Justice Management Services, LLC ("Justice Management"), Kentucky Fuel Corporation ("Kentucky Fuel"), Nine Mile Mining, Inc. ("Nine Mile Mining"), and Tams Management, Inc. ("Tams Management," and together with Bluestone, A&G Coal, Dynamic Energy, Justice Management, Kentucky Fuel, and Nine Mile Mining, the "Bluestone

1

Defendants") are affiliated companies that opened a series of business checking accounts with the Bank of North Carolina ("BNC") between May 30, 2017 and June 9, 2017. On June 16, 2017, BNC merged with and into Pinnacle and its separate legal existence came to an end. At that point, the Bluestone Defendants' BNC accounts became Pinnacle accounts, even though Pinnacle is still using the BNC brand.

3. The Bluestone Defendants arranged for their accounts to be linked together in a "sweep" or "zero balance" arrangement, such that funds could be easily transferred from one account to the other. Bluestone's account served as the main account, with the remaining accounts in the names of the other Bluestone Defendants serving as subsidiary accounts that typically maintained a balance of zero. Through this arrangement, at the end of each day, funds are transferred from the main account to these zero balance accounts to cover any debits, and any deposits that are made into the zero balance accounts are transferred into the main account.

4. Between June 21 and June 29, 2017, the IRS issued levies to Pinnacle and BNC, respectively, against certain assets of A&G Coal, Dynamic Energy, Justice Management, Kentucky Fuel, Nine Mile Mining, and Tams Management. In response, Pinnacle froze the funds in the accounts of each of A&G Coal, Dynamic Energy, Justice Management, Kentucky Fuel, Nine Mile Mining, and Tams Management. Pinnacle also froze funds in Bluestone's account—the Disputed Funds—based on the rights of the other Bluestone Defendants to withdraw funds from that account.

5. Rather than seek relief with the IRS, as is required under Treasury Department regulations, the Bluestone Defendants filed a lawsuit against Pinnacle and BNC in the Circuit Court for the City of Roanoke, Virginia (the "Bluestone Action"). In the Bluestone Action, the Bluestone Defendants seek declaratory relief as to their rights to the Disputed Funds and an

injunction that would (1) prevent Pinnacle and BNC from transferring the Disputed Funds to the IRS and (2) require Pinnacle and BNC to return the Disputed Funds to Bluestone. Pinnacle has removed the Bluestone Action to this Court.

6. Under Treasury Department regulations, Pinnacle could itself become liable to the IRS if it fails to comply with the levies.

7. Pinnacle faces conflicting and competing demands for the Disputed Funds. Pinnacle therefore brings this interpleader action for the Court to determine the rights to the Disputed Funds. Pinnacle stands neutral with respect to the Disputed Funds.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 because it involves matters directly affecting the operation of federal tax liens.

9. The Court also has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Pinnacle and Defendants and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

10. The Court also has original jurisdiction over this action under 28 U.S.C. § 1340 because this is a civil action arising under an Act of Congress providing for internal revenue.

11. Under 28 U.S.C. § 2410(a), the United States has consented to being named as a defendant because this action is a "civil action or suit in any district court . . . of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien."

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because one or more of the defendants reside in this judicial district and a substantial part of property that is the subject of the action is situated in this judicial district.

## THE PARTIES

13. Pinnacle is a Tennessee state-chartered bank with its principal office located in Nashville, Tennessee. On June 16, 2017, BNC merged with and into Pinnacle and ceased to exist as a separate entity.

14. Bluestone is a Virginia corporation with its principal office located at 302 South Jefferson Street Suite 600, Roanoke, Virginia 24011.

15. A&G Coal is a Virginia corporation with its principal office located at 302 South Jefferson Street Suite 600, Roanoke, Virginia 24011.

16. Dynamic Energy is a West Virginia corporation with its principal office located at 302 South Jefferson Street Suite 600, Roanoke, Virginia 24011.

17. Justice Management is a Virginia limited liability company with its principal office located at 302 South Jefferson Street Suite 600, Roanoke, Virginia 24011.

18. Kentucky Fuel is a Delaware corporation with its principal office located at 302 South Jefferson Street Suite 600, Roanoke, Virginia 24011.

19. Nine Mile Mining is a Virginia corporation with its principal office located at 302 South Jefferson Street Suite 600, Roanoke, Virginia 24011.

20. Tams Management is a West Virginia corporation with its principal office located at 302 South Jefferson Street Suite 600, Roanoke, Virginia 24011.

21. The United States has an interest in the Disputed Funds by virtue of the levies discussed herein.

## FACTS

22. Between May 30, 2017 and June 9, 2017, the Bluestone Defendants opened a series of business checking accounts at BNC. Bluestone opened a main account, while the other

Bluestone Defendants each opened a subsidiary account—known as a "sweep" or "zero balance" account—linked to Bluestone's main account. Through this arrangement, deposits and withdrawals can be made to and from the subsidiary accounts throughout the day. At the end of each day, any positive balance in the subsidiary accounts is transferred to the main account, and funds are transferred from the main account to any subsidiary account with a negative balance to cover any checks or withdrawals. These accounts are designed for businesses that maintain multiple accounts for separate divisions to simplify their cash flow management.

23. On June 16, 2017, BNC merged with and into Pinnacle and its separate corporate existence came to an end. Although Pinnacle still employs the BNC brand at BNC's former locations, all former BNC accounts are now Pinnacle accounts. BNC informed the Bluestone Defendants of these imminent developments when the Bluestone Defendants opened their accounts with BNC. The press release announcing the completion of the merger is attached hereto as Exhibit A.

24. On June 21, 2017, the IRS office in Vienna, Virginia issued to Pinnacle and to BNC notices of levies on A&G Coal. The levies attached funds in the amount of $694,105.15. The levies each required Pinnacle to hold "any property or rights to property" belonging to A&G Coal in its possession and instructed Pinnacle to "[m]ake a reasonable effort to identify all property and rights to property belonging to this person." The A&G Coal levies are attached hereto as Exhibit B.

25. On June 21, 2017, the IRS office in Vienna, Virginia issued to Pinnacle and to BNC notices of levies on Dynamic Energy. The levies attached funds in the amount of $255,955.00. The levies each required Pinnacle to hold "any property or rights to property" belonging to Dynamic Energy in its possession and instructed Pinnacle to "[m]ake a reasonable

effort to identify all property and rights to property belonging to this person." The Dynamic Energy levies are attached hereto as Exhibit C.

26. On June 21, 2017, the IRS office in Vienna, Virginia issued to Pinnacle and to BNC notices of levies on Kentucky Fuel. The levies attached funds in the amount of $136,084.97. The levies each required Pinnacle to hold "any property or rights to property" belonging to Kentucky Fuel in its possession and instructed Pinnacle to "[m]ake a reasonable effort to identify all property and rights to property belonging to this person." The Kentucky Fuel levies are attached hereto as Exhibit D.

27. On June 21, 2017, the IRS office in Vienna, Virginia issued to Pinnacle and to BNC notices of levies on Nine Mile Mining. The levies attached funds in the amount of $120,251.59. The levies each required Pinnacle to hold "any property or rights to property" belonging to Nine Mile Mining in its possession and instructed Pinnacle to "[m]ake a reasonable effort to identify all property and rights to property belonging to this person." The Nine Mile Mining levies are attached hereto as Exhibit E.

28. On June 21, 2017, the IRS office in Vienna, Virginia issued to Pinnacle and to BNC notices of levies on Tams Management. The levies attached funds in the amount of $145,007.09. The levies each required Pinnacle to hold "any property or rights to property" belonging to Tams Management in its possession and instructed Pinnacle to "[m]ake a reasonable effort to identify all property and rights to property belonging to this person." The Tams Management levies are attached hereto as Exhibit F.

29. On June 29, 2017, the IRS office in Vienna, Virginia issued to Pinnacle and to BNC notices of levies on Justice Management. The levies attached funds in the amount of $188,288.64. The levies each required Pinnacle to hold "any property or rights to property"

belonging to Justice Management in its possession and instructed Pinnacle to "[m]ake a reasonable effort to identify all property and rights to property belonging to this person." The Justice Management levies are attached hereto as Exhibit G.

30. These instructions were consistent with the Internal Revenue Code and Treasury Department Regulations. Both 26 U.S.C. § 6332(a) and 26 C.F.R. § 301.6332-1(a)(1) require "any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made" to "surrender such property or rights . . . except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."

31. In response to the respective levies, Pinnacle froze assets in the accounts of A&G Coal, Dynamic Energy, Justice Management, Kentucky Fuel, Nine Mile Mining, and Tams Management. Because each of the Bluestone Defendants typically maintained a zero balance in its account, there were insufficient funds in those accounts to satisfy the respective levies. Pinnacle therefore froze funds in Bluestone's main account sufficient to satisfy the levies because A&G Coal, Dynamic Energy, Justice Management, Kentucky Fuel, Nine Mile Mining, and Tams Management each had the right to withdraw funds in Bluestone's main account.

32. Pursuant to 26 C.F.R. § 301.6332-1(c)(3), Bluestone was entitled only to seek administrative relief with the IRS under 26 U.S.C. § 6343 and/or commence a civil action against the United States for funds that it believes were wrongfully levied under 26 U.S.C. § 7426. Moreover, because it is a bank, 26 U.S.C. § 6332(c) and 26 C.F.R. § 301.6332-3(c) required that Pinnacle wait 21 days before surrendering any deposits to the IRS. During that time, the Bluestone Defendants had the opportunity to dispute the levies with the IRS before the deadline to surrender the Disputed Funds.

33. On June 29, 2017, Pinnacle notified Bluestone in writing of the levies, Pinnacle's steps to comply with them, and the 21-day waiting period. Pinnacle's letter to Bluestone is attached as Exhibit H. Bluestone contacted Pinnacle to protest the freezing of funds in Bluestone's account. Pinnacle advised Bluestone to dispute the levies with the IRS.

34. On July 13, 2017, the IRS released the levy on Kentucky Fuel. The release of the Kentucky Fuel levy is attached hereto as Exhibit I. As a result of the release of the levy, Pinnacle released $136,084.97 held in Bluestone's account.

35. On July 19, 2017, the IRS requested that Pinnacle continue to hold all levy proceeds until further notice. The IRS's requests are attached hereto as Exhibit J.

36. On July 24, 2017, the Bluestone Defendants (except for Justice Management) filed the Bluestone Action, styled *Bluestone Energy Sales Corporation et al v. Bank of North Carolina, et al*, Case No. CL 170001418-00, in the Circuit Court for the City of Roanoke, Virginia. The complaint in the Bluestone Action is attached hereto as Exhibit K. The complaint in the Bluestone Action asserted three causes of action against both BNC and Pinnacle: two counts for declaratory relief and one count for injunctive relief. The plaintiffs in the Bluestone Action alleged that Pinnacle and BNC wrongfully froze the Disputed Funds from Bluestone's account in response to the IRS levies.

37. On July 27, 2017, the plaintiffs in the Bluestone Action filed a Motion for Preliminary Injunction. Through that motion, the plaintiffs requested that the Circuit Court "enjoin BNC and Pinnacle from transferring Bluestone's assets to the Internal Revenue Service and to immediately order the return of the improperly seized funds to Bluestone."

38. On August 3, 2017, Pinnacle removed the Bluestone Action to this Court.

39. On August 15, 2017, the IRS informed Pinnacle that it was releasing the hold on the levy proceeds that had been in place since July 19, 2017. The IRS instructed Pinnacle that it could honor the levies by either surrendering the Disputed Funds to the IRS or filing an interpleader action to allow the United States District Court to decide whether the IRS has an interest in the Disputed Funds. The IRS's letters are attached hereto as Exhibit L.

40. Following the release of the levy on Kentucky Fuel, Pinnacle continues to hold and preserve the Disputed Funds, in the amount of $1,403,607.47, in accordance with the terms of the remaining levies.

41. If Pinnacle fails to honor the levies, it could face liability under 26 U.S.C. § 6332(d) and 26 C.F.R. § 301.6332-1(b) "in a sum equal to the value of the property or rights not so surrendered, together with costs and interest" and "a penalty equal to 50 percent of the amount recoverable."

## COUNT I: INTERPLEADER

42. Pinnacle repeats and realleges the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Pinnacle has possession and control of the Disputed Funds, which total $1,403,607.47.

44. Pinnacle has preserved the Disputed Funds and is prepared to move this Court for leave to deposit the Disputed Funds into the registry of the Court.

45. There are two or more adverse claimants who either are demanding or may demand some or all of the Disputed Funds.

46. Pinnacle is subject to competing claims on the Disputed Funds by both the Bluestone Defendants and the United States. Thus, any attempt by Pinnacle to take further

action with respect to the Disputed Funds may lead to further vexatious and multiple litigation. Pinnacle faces the risk of inconsistent decisions with respect to the Disputed Funds.

47. Pinnacle stands neutral as to the rights of the respective Defendants to the Disputed Funds, and seeks discharge from any and all obligations and liabilities relating to the Disputed Funds.

WHEREFORE, Pinnacle respectfully requests that the Court:

a. Allow Pinnacle to deposit into the registry of the Court the sum of $1,403,607.47, being the Disputed Funds;

b. Enter judgment discharging Pinnacle and any and all of its current and former agents, representatives, affiliates, predecessors, and successors (including but not limited to, their subsidiaries and parent companies), from all further obligations and liability relating in any way to the Disputed Funds or any demands that may be made in connection with the Disputed Funds;

c. Enter a preliminary and permanent injunction barring and enjoining Defendants from:

i. Asserting any claims, rights, causes of action, or demands of whatever nature, whether known or unknown, foreseen or unforeseen, under or relating to the Disputed Funds against Pinnacle and each of its respective parents, subsidiaries, affiliates, insurers, reinsurers, directors, officers, employees, agents, representatives, attorneys, and their respective heirs, executors, administrators, predecessors, successors, and assigns; and

ii. Instituting, commencing, and/or prosecuting any legal proceeding in any state or federal court, including the Bluestone Action, or any arbitration proceeding, against Pinnacle and its respective parents, subsidiaries, affiliates, insurers, reinsurers, directors, officers, employees, agents, representatives, attorneys, and their respective heirs, executors,

administrators, predecessors, successors, and assigns, with respect to any claims, causes of whatever nature, whether known or unknown, foreseen or unforeseen, that have been, could have been, or could be asserted in any form, either directly or indirectly, based upon, arising out of, relating to, concerning, resulting from or in consequence of, or in connection with the Disputed Funds;

  d. Interplead the Defendants and adjudge and determine to whom the Disputed Funds should be disbursed and in what amounts;

  e. Award Pinnacle its reasonable attorneys' fees and costs; and

  f. Grant any and all further relief that this Court may deem appropriate, equitable and just.

Dated: August 22, 2017

Respectfully Submitted,

By:   /s/ Johnathon E. Schronce
     HUNTON & WILLIAMS LLP
     Edward J. Fuhr (VSB # 28082)
     efuhr@hunton.com
     Eric H. Feiler (VSB # 44048)
     efeiler@hunton.com
     Johnathon E. Schronce (VSB #80903)
     jschronce@hunton.com
     Riverfront Plaza, East Tower
     951 East Byrd Street
     Richmond, Virginia 23219
     Telephone: (804) 788-8200
     Facsimile: (804) 788-8218

*Attorneys for Plaintiff Pinnacle Bank*