CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14, 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PINNACLE BANK )
  )
   Plaintiff, ) Civil Action No. 7:17CV00395
  )
v. ) **MEMORANDUM OPINION**
  )
BLUESTONE ENERGY SALES ) By: Hon. Glen E. Conrad
CORPORATION, et al., ) United States District Judge
  )
   Defendants. )

Plaintiff Pinnacle Bank ("Pinnacle") brought this interpleader action against defendant United States of America and defendants Bluestone Energy Sales Corporation ("Bluestone"); A&G Coal Corporation; Dynamic Energy, Inc.; Justice Management Services, LLC; Kentucky Fuel Corporation, Inc.; Nine Mile Mining, Inc.; and Tams Management, Inc. (collectively, the "Bluestone Defendants"). The case is presently before the court on a motion to intervene filed by Carter Bank and Trust ("Carter Bank"). For the reasons that follow, the motion will be granted.

## Background

On August 22, 2017, Pinnacle filed this interpleader action against the Bluestone Defendants and the United States seeking permission from this court to deposit certain disputed funds into the registry of the court, a determination as to how to disburse those funds, and related relief. On October 4, 2017, before any defendant filed an answer or motion to dismiss, Carter Bank filed a motion for leave to intervene as a defendant in this case. Carter Bank alleges it has a first and prime perfected security interest in the disputed funds and it seeks to protect that interest.

Pinnacle Bank takes no position on the motion to intervene, and the Bluestone Defendants have asserted that they do not oppose the motion. The United States has not responded to the motion.

## **DISCUSSION**

Carter Bank argues that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), or alternatively, that the court should permit it to intervene under Rule 24(b). Because the court will exercise its discretion to allow Carter Bank to intervene under Rule 24(b), the court need not decide whether Carter Bank is entitled to intervene as a matter of right. See United States ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co., 349 F. Supp. 2d 934, 938 (D. Md. 2004).

The United States Court of Appeals for the Fourth Circuit generally recognizes that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted). Where a movant seeks permission to intervene under Rule 24(b), it must establish each of the following elements: (1) that its motion is timely; (2) that its claims or defenses have a question of law or fact in common with the main action; and (3) that intervention will not result in undue delay or prejudice to the existing parties. Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005) (citing Fed. R. Civ. P. 24(b)).

First, the court believes that Carter Bank satisfies the timeliness requirement. Carter Bank moved to intervene approximately a month and a half after Pinnacle filed the interpleader complaint. Accordingly, the case has not neared its end, and resolving it will not be "derail[ed]" if Carter Bank is permitted to intervene. Scardelletti v. Debarr, 265 F.3d 195, 202 (4th Cir.

2001), <u>reversed on other grounds sub nom.</u>, <u>Devlin v. Scardelletti</u>, 536 U.S. 1, 14 (2002) (internal quotation marks omitted); <u>see also</u> <u>United States v. Virginia</u>, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely.").

Second, Carter Bank has a defense that shares a common question of law or fact with the original action. As with the Bluestone Defendants, Carter Bank seeks a ruling that the disputed funds belong to Bluestone.

Third, the court does not believe that Carter Bank's involvement in this action will unduly prejudice the existing parties. Because Carter Bank's interest "largely overlap[s] with the legal and factual issues that are already present in the main action," the addition of Carter Bank "is not likely to significantly complicate the proceedings or unduly expand the scope of any discovery in this case." <u>United States v. North Carolina</u>, No. 1:16CV425, 2016 WL 3626386, at *3 (M.D.N.C. June 29, 2016). Similarly, the court has found no reason to believe that Carter Bank's participation in the case would cause undue delay. Indeed, Carter Bank has made clear that it does not intend to alter the current schedule for resolution of this matter.

## Conclusion

For these reasons, and in keeping with the Fourth Circuit's policy in favor of liberal intervention, the court will grant Carter Bank's motion to intervene.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 14th day of November, 2017.

_____
United States District Judge

3